### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HAZEL BROOKS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 12-2284-JAR-KGG |
| ) | |
| **UMB BANK, N.A., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### MEMORANDUM AND ORDER

Plaintiff Hazel Brooks originally commenced this action against Defendant UMB Bank, N.A., in the District Court of Wyandotte County, Kansas, alleging that Defendant UMB allowed fraudulent withdrawals from a checking account Brooks co-owned with Robert Jackson, deceased, and from Robert Jackson's savings account (together, "Accounts"), to which Brooks was a vested pay-on-death beneficiary. Defendant UMB removed this action to this Court on May 14, 2012.[1] On June 13, 2012, Brooks moved for leave to amend her Complaint, which Magistrate Judge Gale granted on June 14, 2012. In her Amended Complaint, Brooks added two parties, Plaintiff Diane Starks bringing a survival claim as personal representative of the Estate of Robert Jackson, and Defendant Ann O. Thomas, who allegedly perpetuated the fraud.[2] Both of the added parties are residents of Kansas.[3] Plaintiffs then filed a joint Motion to Remand (Doc. 7) on June 24, 2012, arguing that the addition of these parties destroys this Court's diversity jurisdiction.

---

[1] Doc. 1.

[2] Doc. 6 at ¶¶ 2 and 5.

[3] *Id.*

Defendant UMB asked the Court to deny the Motion to Remand for two reasons. First, Defendant UMB has asked this court to review its June 14, 2012 Order granting leave to amend (which joined Starks), and to reverse it, thereby restoring diversity jurisdiction. Second, Defendant UMB alternatively asks the Court to treat Starks' claims as those of a *permissively* joined party, which, Defendant UMB argues, would not destroy diversity. Defendant UMB does not contest the addition of Defendant Thomas.

The motions are fully briefed and the Court is prepared to rule. As described more fully below, because Starks is properly joined as an indispensable party, the Court grants Plaintiffs' motion to remand.

After a case is removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[4] "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[5] The Court takes the same approach to reviewing the joinder of nondiverse plaintiffs.[6] Statutes conferring both diversity and removal jurisdiction are to be strictly construed,[7] and "[d]oubtful cases must be resolved in favor of remand."[8]

Plaintiffs argue that the additional parties joined in the Amended Complaint negate

---

[4] 28 U.S.C. § 1447(c).

[5] *Id.* § 1447(e).

[6] *See Kan. State Univ. v. Prince*, 673 F. Supp. 2d 1287, 1294 (D. Kan. 2009) (analogizing consideration of nondiverse plaintiffs to consideration of nondiverse defendants when evaluating a motion for remand).

[7] 28 U.S.C.A. §§ 1332(a), 1447.

[8] *Thurkill v. Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).

2

diversity and thus require remand. Defendant in turn attacks first the joinder of Starks and then the necessity of remand if Starks is joined.

This Court follows a three step process to determine whether a party is an "indispensable party."[9] First, the court determines if the party is necessary. A party is necessary if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.[10]

Second, the Court must determine whether joinder is feasible.[11] Third and finally, the Court must determine if the absent party is indispensable, that is, whether the action can in equity and good conscience continue without the absent party.[12]

The Amended Complaint asserts survival claims against the Defendants. In particular, every count of the Amended Complaint alleges that Defendants' actions damaged Plaintiffs, which includes Starks as the representative of Jackson's estate. To the extent that these alleged damages were to Jackson, Brooks is unable to assert those claims on his behalf. Under Kansas law, a "[s]urvival action must be maintained by personal representative of decedent and cannot

---

[9] *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001).

[10] *Id.* (quoting Fed. R. Civ. P. 19(a)).

[11] *Id.*

[12] *Id.*

be prosecuted by decedent's heirs."[13]  If the interests of Jackson's estate are to be protected in this proceeding, Starks is an indispensable party.

Defendant UMB argues that Brooks' interest in seeking sums allegedly improperly taken from bank accounts co-owned by the Brooks or accounts for which Brooks is the vested beneficiary is identical to the interest of Jackson's estate.  But this argument overlooks Starks' obligation under the Kansas probate code to preserve Jackson's estate and gather its property for the benefit of his heirs.[14]  In order to fulfill her duty as personal representative, Starks must bring the survivor claim on Jackson's behalf.  Further, Plaintiffs seek additional damages, beyond the amount of the funds withdrawn from the accounts, and some of these damages may be allocated to Jackson's estate.

Applying the three steps, Jackson's estate, through Starks, claims an interest relating to the alleged injury cause by Defendants and is so situated that the disposition of the action in the estate's absence may as a practical matter impair or impede the estate's ability to protect that interest.  Further, if the action were to proceed in the estate's absence, Defendants would be subjected to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.  Under the second step, joinder of Starks is feasible.  Finally, under the third step, the Court holds that continuing this litigation, to dispose of substantial assets held by the deceased, and to determine whether to award damages based in part on alleged injuries to Jackson while he was living, should not, in good conscience, proceed without representation of

---

[13]*Shinkle v. Union City Body Co.*, 94 F.R.D. 631, 637 (D. Kan. 1982).  Kansas survival actions include the causes of action which survive at common law, causes of action for an injury to a deceased's personal estate, and a cause of action for any deceit or fraud, and these actions allow for recovery of damages accruing between the alleged injury and the death of the injured party.  K.S.A. § 60-1801.

[14]K.S.A. § 59-808(1).

Jackson's estate.  Thus, Starks is an indispensable party, and her joinder is appropriate.  In a case like this, where federal subject matter jurisdiction is predicated only upon diversity jurisdiction, joinder of a non-diverse indispensable party destroys the Court's subject matter jurisdiction and requires remand to the state court.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Remand (Doc. 7) is GRANTED.  This case shall be remanded to the Wyandotte County, Kansas District Court under 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Dated: October 12, 2012

       S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE